# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-689V
Filed: July 23, 2018
UNPUBLISHED

| | |
|---|---|
| VICTOR WALKER,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Howard Dale Mishkind, Mishkind Law Firm Co, L.P.A. Beachwood, OH,* for petitioner.
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

      On May 24, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his March 21, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On January 26, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On July 23, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $$103,651.14 for lost earnings, $230,000.00 in actual and projected pain and suffering, and $16,347.00 for past unreimbursable expenses, as well as future annuity payments to provide for life care items listed in an attached chart. Proffer at 1-3. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

　　　　Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

- **A lump sum payment of $357,185.02, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,186.88), lost earnings ($103,651.14), pain and suffering ($230,000.00), and past unreimbursable expenses ($16,347.00), in the form of a check payable to petitioner, Victor Walker; and**

- **An amount sufficient to purchase an annuity contract as described in Section II(B) of the proffer.**

　　　　This represents compensation for all damages that would be available under § 300aa-15(a)

　　　　The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　<u>s/Nora Beth Dorsey</u>
　　　　　　　　　　　　　　　　　　　　Nora Beth Dorsey
　　　　　　　　　　　　　　　　　　　　Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| VICTOR WALKER,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | No. 17-689V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.   Life Care Items

For the purposes of this proffer, the term "vaccine-related" is as described in the respondent's Rule 4(c) Report, filed January 26, 2018. All items of compensation identified as life care items are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Victor Walker, attached hereto as Tab A.[1] Respondent proffers that Victor Walker should be awarded all items of compensation set forth as life care items and illustrated by the chart attached at Tab A. Petitioner agrees.

   B.   Lost Earnings

The parties agree that based upon the evidence of record, Victor Walker has suffered a past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Victor Walker should be awarded lost earnings as provided under the Vaccine Act,

---

[1] The chart at Tab A illustrates the annual benefits payable for life care items. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Victor Walker's lost earnings is $103,651.14. Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that Victor Walker should be awarded $230,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Victor Walker's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $16,347.00.

## II. Form of the Award

The parties recommend that the compensation provided to Victor Walker should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

      A. A lump sum payment of $357,185.02, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,186.88), lost earnings ($103,651.14), pain and suffering ($230,000.00), and past unreimbursable expenses ($16,347.00), in the form of a check payable to petitioner, Victor Walker.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Victor Walker, only so long as Victor Walker is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

     2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Victor Walker, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Victor Walker's death.

     3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

## III.   Summary of Recommended Payments Following Judgment

    A.    Lump Sum paid to petitioner, Victor Walker:    **$357,185.02**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Linda S. Renzi*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4133

Dated:  July 23, 2018

**Appendix A:  Items of Compensation for Victor Walker**     Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-6 | Compensation Years 7-Life |
|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2023 | 2024-Life |
| Medicare Part B Deductible | 5% | | | | | 183.00 |
| Neurontin | 5% | * | | 176.88 | 176.88 | 176.88 |
| Primary Care | 5% | * | | 1,055.00 | 1,055.00 | 174.40 |
| Supportive Walking and House Shoes | 4% | | | 165.00 | 165.00 | 165.00 |
| Gym Membership | 4% | | | 972.00 | 972.00 | 972.00 |
| Therapeutic Massage | 4% | | M | 4,368.00 | 4,368.00 | 4,368.00 |
| OTC Meds & Supplies | 4% | | M | 120.00 | 120.00 | 120.00 |
| Trekking Poles | 4% | | | 75.00 | 75.00 | 75.00 |
| Supportive Boots | 4% | | | 140.00 | 140.00 | 140.00 |
| Superfeet Cushioning Insoles | 4% | | | 80.00 | 80.00 | 80.00 |
| Gel Foam Mattress Pad | 4% | | | 35.00 | 35.00 | 35.00 |
| Lost Earnings | | | | 103,651.14 | | |
| Pain and Suffering | | | | 230,000.00 | | |
| Past Unreimbursable Expenses | | | | 16,347.00 | | |
| Annual Totals | | | | 357,185.02 | 7,186.88 | 6,489.28 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($7,186.88), lost earnings ($103,651.14), pain and suffering ($230,000.00), and past unreimbursable expenses ($16,347.00): $357,185.02
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.