# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0689V
**Filed: August 21, 2018**
UNPUBLISHED

|  |  |
|---|---|
| VICTOR WALKER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH,* for petitioner.
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION ON ATTORNEYS' FEES AND COSTS[1]**

**Dorsey,** Chief Special Master:

On May 24, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his March 21, 2016 influenza ("flu") vaccination. Petition at 1. On July 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 37).

On August 13, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $26,891.25 and attorneys' costs in the amount of $708.36. *Id.* at 11. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 28.  Thus, the total amount requested is $27,599.61.

On August 14, 2018, respondent filed a response to petitioner's motion.  (ECF No. 43).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On August 17, 2018, petitioner filed a reply.  (ECF No. 44).  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorney fees are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

With regard to the hourly rate of $400.00 requested by attorney Howard D. Mishkind, for worked performed 2015 - 2018, the undersigned finds the proposed rates excessive, based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. HHS*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). Mr. Mishkind is within the 31 years and over experience range for his work performed from 2015-2018. Hourly rates within the 31 years and over of experience in the vaccine program are as follows:  $385-$430 for work performed in 2015 & 2016 and $394 - $440 for work performed in $2017.[3] The proposed rate of $400 per hour for work performed in 2018 is reasonable and shall be awarded. The undersigned reduces Mr. Mishkind's hourly rates for 2015 – 2017 as follows: $385 per hour for work performed in 2015 & 2016 and $394.00 for work performed in 2017. The undersigned finds that the proposed

---

[3] The Fee Schedule for 2015 - 2018 can be accessed at http://www.cofc.uscourts.gov/node/2914

paralegal rate of $125 per hour reasonable. Therefore, attorneys' fees **requested are reduced by $180.45**.[4]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,419.16[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Howard Dale Mishkind.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[4] This amount consists of ($400 - $385 = $15 x 1.25 hrs = $18.75) + ($400 - $394 = $6 x 26.95 hrs = $161.70) = $180.45.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.